IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00778-MSK-MEH

TIFFANY VICTORIA AGUILAR,
THE ESTATE OF JESUS OCTOVIO AGUILAR, Personal Representative Tiffany Victoria Aguilar,
DANIEL LUCIANO AGUILAR, and
JUANITA VARGAS,

      Plaintiff,

v.

TED MINK, Jefferson County Sheriff,
RAY FLEER, Undersheriff,
JOHN BURKARD, Deputy,
PATSY MUNDELL, Division Chief,
JEFF SCHRADER, Division Chief,
DAN GARD, Division Chief,
SCOTT POCSIK, Division Chief,
CITY OF GOLDEN, and
THE BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF JEFFERSON,

      Defendants.

---

## ORDER GRANTING STAY OF DISCOVERY

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is the Defendants' Unopposed Motion to Stay Discovery [filed June 21, 2013; docket #28]. The motion is referred to this Court for disposition. (Docket #32.) Oral argument would not materially assist the Court in its adjudication of the motion. For the reasons that follow, the Court **GRANTS** the motion to stay discovery.

### I.    Background

      Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. (*See* docket #1.) Defendants responded to Plaintiff's Complaint with a motion to dismiss all claims. (Docket #24.) Defendants assert an

entitlement to qualified immunity in their individual capacities and contend Plaintiff fails to state constitutional claims for relief pursuant to Fed. R. Civ. P. 12(b)(6). (*Id.*) In the present motion, Defendants request that discovery be stayed pending resolution of the immunity defenses and Rule 12(b)(6) challenges argued in their motion to dismiss.

## II.    Discussion

The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same). However, the defense of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). There are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals. *See Rome*, 225 F.R.D. at 643. Additionally, permitting discovery up until the point that qualified immunity is raised may be appropriate, particularly when the defense is not advanced until the filing of a motion for summary judgment. *Id*. at 643-44.

As stated above, Defendants raise qualified immunity as a defense in their pending motion to dismiss. Plaintiff sues each of the Defendants in their official and individual capacities; however, Plaintiff seeks only money damages and does not include a request for injunctive relief in his Complaint. (*See* docket #1.) The case is still in the early stages of litigation; Defendants responded to Plaintiff's original Complaint with the pending motion to dismiss that could fully dispose of Plaintiff's claims before engaging the discovery process.

2

The Court has broad discretion to stay proceedings as incidental to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Legal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery. *See Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). Considering the early filing of the motion to dismiss premised on qualified immunity and that the suit is filed for money damages only, the Court finds that the circumstances evaluated in *Rome* are inapplicable to the case at hand.

As this Court has stated previously, "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Namoko v. Milgard Mfg., Inc*., No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007). Typically, in evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

A balance of these factors favors a temporary stay in this case. The Plaintiff does not oppose Defendants' request to stay discovery to avoid any unnecessary burdens and/or costs of discovery.

While the Court typically discourages stays of discovery, the Court acknowledges the efficiency and fairness of delaying the proceedings pending resolution of a motion to dismiss that could resolve this matter in its entirety. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[n]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted).  "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted).

Therefore, as the pending motion to dismiss concerns the threshold issue of subject matter jurisdiction and may resolve this matter in its entirety, the Court finds good cause exists to impose a temporary stay until the District Court rules on the Defendants' Motion to Dismiss.

## III.    Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Unopposed Motion to Stay Discovery [filed June 21, 2013; docket #28] is **granted**.  Discovery as to all Defendants is stayed pending resolution of the motion to dismiss.  The parties shall file a status report within ***three business days*** of receiving a ruling on the motion to dismiss, indicating what scheduling, if any, is needed.

Entered and dated at Denver, Colorado, this 9th day of July, 2013.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge